IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SD WHEEL CORP,

    Plaintiff,

v.                                Case No.: 1:21-cv-00778-WCG

LOGFRET, INC.,

    Defendant.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT**

Defendant, LOGFRET, INC., ("Logfret") by its undersigned counsel, Foran Glennon Palandech Ponzi & Rudloff, PC, submits this Memorandum in Support of Its Motion to Dismiss Count VI of Plaintiff's Complaint, stating as follows:

**A. INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), Logfret moves to dismiss Count Six (Breach of Fiduciary Duty) of Plaintiff's Complaint for failure to state a claim on which relief may be granted, because the Complaint makes clear that Plaintiff has not sustained any damages in connection with the claim made in Count VI. Damages are essential element of the claim and without damages, the claim fails to state a cause of action upon which relief can be granted.

**B. GOVERNING LAW**

A District Court, sitting in diversity jurisdiction, looks to conflict-of-law principles for the State in which the suit was brought to determine the substantive law applicable to the case. *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 777 F.3d 415, 417 (7th Cir. 2015). Here, both claims arise from a power of attorney which SD Wheels gave to Logfret for certain specific

purposes and alleged subsequent agreements purportedly made by the parties pursuant to that power of attorney. The power of attorney, attached to Logfret's Answer and Affirmative Defenses as Exhibit 1, specifically incorporates Logfret's Terms and Conditions of Service. Logfret's Terms and Conditions of Service are attached hereto as Exhibit 1 to this Memorandum in Support of Defendant's Motion to Dismiss.

Logfret's Terms and Conditions include choice of law and venue provisions in paragraph 18. Those provisions provide that the place of execution of the power of attorney identifies the law governing the power of attorney. The power of attorney clearly shows that SD Wheels' founder and President executed the power of attorney in Carol Stream, Illinois. As a result, Illinois law governs the claims made by Plaintiff.

To determine the law that applies in contract claims, Wisconsin Courts first apply any choice-of-law provisions in the contracts themselves, *Warwick v. Schneider Nat'l, Inc.*, No. 20-C-1556, 2021 WL 1851272, at *2 (E.D. Wis. May 10, 2021), so long as those provisions do not contravene "important public policies of the state whose law would be applicable if the parties' choice of law provisions were disregarded." *Drinkwater v. Am. Fam. Mut. Ins. Co.*, 2006 WI 56, ¶ 25, 290 Wis. 2d 642, 652, 714 N.W.2d 568, 573 (2006). As part of that analysis, the threshold inquiry is whether there is an actual conflict between the law of Wisconsin and the law of the other state. *Warenka v. Wadena Ins. Company,* 353 Wis. 2d 619, 636, 847 N.W. 2d 324, 332 (2014).

### C. COUNT VI - BREACH OF FIDUCIARY DUTY

In Count VI of the Complaint, SD Wheel alleges that Logfret breached its fiduciary duty to SD Wheel by, generally, "failing to complete and maintain" certain documents related to importing and exporting goods overseas and concludes, at paragraph 176, "SD Wheel is ultimately

2

Case 1:21-cv-00778-WCG   Filed 08/13/21   Page 2 of 4   Document 13

responsible for having this documentation **and could face penalties and/or fines** for not maintaining it." (emphasis added).

The allegation that SD Wheel could face penalties means no such penalties have yet accrued. Under the law of Wisconsin and Illinois, damages must be proved to some degree of certainty; where it is uncertain plaintiff sustained damage, however, no recovery can be allowed. *State v. Abbott Laboratories,* 314 Wis. 2d 510, 545, 816 N.W. 2d 145, 162 (2012) and *Antrim Pharmaceuticals, LLC v. Bio-Pharm, Inc.,* 950 F. 3d 423, 432 (7th Cir. 2020, applying Illinois law). As SD Wheel acknowledges it has not sustained damages in connection with the alleged breach of fiduciary duties claimed in Count VI, Count VI should be dismissed.

WHEREFORE, Defendant, Logfret, Inc., requests that Count VI of Plaintiff's Complaint be dismissed and for any other or further relief as this Court deems just and proper.

Dated: August 13, 2021

/s/ *Matthew R. Carlyon*
Michael L. Foran
Matthew R. Carlyon (Admitted *Pro Hac Vice*)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
mforan@fgppr.com
mcarlyon@fgppr.com

*Counsel for Defendant Logfret Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the attorney listed below (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 13th day of August, 2021.

**Counsel for Plaintiff**:
Sherry D. Coley
Tiffany E. Woelfel
DAVIS & KULTHAU
318 South Washington Street, Suite 300
Green Bay, Wisconsin 54301
Tel: (920) 431-2239
Fax: (920) 431-2279
scoley@dkattorneys.com
twoelfel@dkattorneys.com

                                    */s/ Matthew R. Carlyon*
                                    Matthew R. Carlyon

4

Case 1:21-cv-00778-WCG   Filed 08/13/21   Page 4 of 4   Document 13