IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

SD WHEEL CORP.

      Plaintiff,

      v.                                   Case No.: 21-cv-778

LOGFRET, INC.

      Defendant.

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO LOGFRET, INC.'S
MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT**

---

      Plaintiff, SD Wheel Corp. ("SD Wheel"), by and through its attorneys, Davis & Kuelthau, s.c., opposes Defendant's, Logfret, Inc., ("Logfret") Motion to Dismiss Count VI of Plaintiff's Complaint (the "Motion") as follows:

### INTRODUCTION

      SD Wheel is an Illinois corporation with Wisconsin facilities that sells automotive equipment, including wheels, tires, lift kits and other automotive accessories. Compl., Dkt. No. 1 ¶¶ 2–3. SD Wheel imports some of the automotive equipment it sells from China. *Id*. ¶ 2. Logfret is a global logistics company, which coordinates international freight transportation. *Id*. ¶ 8. Logfret also manages the custom and import processes for customers as part of the freight transportation process. *Id*. ¶ 9.

      Since 2014, SD Wheel has hired Logfret to transport and import freight, primarily consisting of parts that SD Wheel imported from manufacturers in China. *Id*. ¶ 18. On November 12, 2014, SD Wheel executed a Power of Attorney for Customs and Forwarding Agent ("POA"),

under which Logfret would act as SD Wheel's authorized agent. *Id.* ¶ 19. Under the POA, Logfret was to:

> Make, endorse, sign, declare, or swear to any customs entry, withdrawal, declaration, certificate, bill of lading, carnet, shipper's export declaration, commercial invoice, insurance certificate, draft or any other document(s) required by law or regulation in connection with the exportation, importation or transportation of any merchandise in or through the customs territory, shipped or cosigned by or to said grantor.

*Id.* ¶ 20. Since executing the POA, Logfret has acted as SD Wheel's authorized agent in handling the importation and transportation of freight. *Id.* ¶ 21.

In March 2021, SD Wheel employees reached out to Logfret seeking information about Logfret's communication and recordkeeping. *Id.* ¶ 59. SD Wheel's Manager sent detailed expectations about the import entry, entry correction, and export filing documentation that Logfret was expected to provide when Logfret was acting as SD Wheel's agent in handling all such documentation. *Id.* ¶ 60. SD Wheel's Manager identified several import and post entry documentation and export documentation that Logfret, as SD Wheel's agent, was responsible for creating and maintaining. *Id.* ¶ 79.

By mid-March 2021, SD Wheel's Manager had identified several specific import entries for which SD Wheel did not have all of the required documentation. *Id.* ¶ 80. In late March 2021, SD Wheel's Manager sent another communication to Logfret, again seeking the missing documentation. *Id.* ¶ 81. After SD Wheel was finally granted full access to Logfret's documentation system, SD Wheel discovered Logfret had failed to complete a number of required import and export documentation on behalf of SD Wheel. *Id.* ¶¶ 83–84. Despite numerous requests for this information and documentation, Logfret has failed to provide it. *Id.* ¶ 86.

In SD Wheel's Complaint, it brought a claim of breach of fiduciary duty against Logfret for its failure to create, maintain, and provide SD Wheel the required import and export documentation. *Id*. ¶¶ 169–176. SD Wheel alleged that Logfret, as SD Wheel's agent, had a fiduciary duty to create and maintain all necessary import and export documentation. *Id*. ¶¶ 170–71. SD Wheel also alleged that Logfret breached that duty by failing to create and maintain such documentation. *Id*. ¶¶ 172–73. Consequently, SD Wheel alleged that it had been injured because it does not have the documentation it is entitled to possess. *Id*. ¶ 175. As a remedy for this harm, SD Wheel sought an order requiring Logfret to create and/or produce all missing SD Wheel import and export documentation. *Id*. at p. 24. As such, SD Wheel has sufficiently stated a claim for breach of fiduciary and Logfret's Motion should be denied.

## LEGAL STANDARDS

"A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint." *Grose v. Rice*, No. 19-C-394, 2019 WL 7049704, at *1 (E.D. Wis. Dec. 23, 2019) (citing Fed. R. Civ. P. 12(b)(6); *Hallinan v. Fraternal Order of Police Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009)). A complaint must give a defendant notice of the claim and what the grounds are upon which it rests. *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Therefore, in order to state a cognizable claim, a plaintiff is required only to "provide a 'short and plain statement of the claim showing [it] is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). Additionally,

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). In considering a motion to dismiss, the court construes all allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). But while well-pleaded facts are accepted as true at the pleading stage, conclusions of law are not. "Threadbare recitals of the

3

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.

*Id*.

## ARGUMENT

Because SD Wheel has alleged harm—specifically not receiving the import and export documentation it is entitled to—it has sufficiently stated a claim for breach of fiduciary duty. Whether the Court applies Wisconsin or Illinois law, a breach of fiduciary duty claim is comprised of the same three elements: 1) the existence of a fiduciary duty; 2) a breach of that fiduciary duty; and 3) an injury caused by the breach. *See generally Lawlor v. N. Am. Corp. of Ill.*, 983 N.E.2d 414, ¶ 69 (Ill. 2012); *Air Eng'g, Inc. v. Indus. Air Power, LLC*, 2013 WI App 18, ¶ 25, 346 Wis. 2d 9, 828 N.W.2d 565 (citing *Berner Cheese Corp. v. Krug*, 2008 WI 95, ¶ 40, 312 Wis. 2d 251, 752 N.W.2d 800).

Because SD Wheel has alleged all three elements, SD Wheel has stated a proper claim. SD Wheel alleged the existence of a fiduciary duty between SD Wheel and Logfret requiring Logfret to complete and maintain all import and export documentation because Logfret acted as SD Wheel's agent. Compl. Dkt. No. 1, ¶¶ 83–84, 170–71. SD Wheel alleged a breach of such duty because Logfret failed to complete and maintain the required import and export documentation. *Id*. ¶¶ 172–73. SD Wheel alleged Logfret had specifically failed to complete and maintain the following documentation:

    a.    post entry documentation (when applicable);
    b.    revised CBP Form 7501 (when applicable);
    c.    Cargo Release (with proof of release annotation/indication);
    d.    PGA print screen or disclaimer screenshot (when applicable);
    e.    PGA Forms (when applicable);
    f.    copies of any correspondence relating to the post entry action;
    g.    commercial invoices rated per 19 C.F.R. § 141.90;
    h.    commercial invoice and pages numbered per 19 C.F.R. § 141.86(h);
    i.    Electronic Export Information ("EEI") file; and

4

    j.  proof of export.

*Id*.

  Lastly, SD Wheel alleged that it was injured by this breach because it does not have the documents that it is entitled to possess. *Id*. ¶¶ 80–81, 84–86, 88–89, 175.Therefore, SD Wheel's injury is the missing documents. Not only has SD Wheel alleged that it has not received the documents it is entitled to, SD Wheel sought an order by the Court requiring Logfret to create and/or produce all missing SD Wheel import and export documentation as a requested remedy. *Id*. at p. 24.

  Logfret alleges that SD Wheel failed to state a claim because it failed to allege an injury; rather, Logfret argues SD Wheel only alleged a possibility of injury if SD Wheel is fined for the missing documentation. Br., Dkt. No. 13 at 3. However, that argument misses the mark. SD Wheel's injury is the missing documentation, not just the future risk of a monetary fine. SD Wheel is entitled to certain documentation and has not received it. SD Wheel will be forced to create or pay another entity to create the missing documentation if Logfret fails to produce it. Furthermore, SD Wheel should not be forced to wait until it is fined for the missing documentation to seek relief from Logfret for its failure to produce and maintain the documentation.

  Because SD Wheel has sufficiently alleged its harm, it has sufficiently stated a claim for breach of fiduciary duty. The elements for breach of fiduciary duty do not require a plaintiff to allege specific monetary damages in order to state a claim. *See generally Lawlor*, 983 N.E.2d 414, ¶ 69; *Air Eng'g, Inc.*, 2013 WI App 18, ¶ 25. Moreover, neither of Logfret's citations support such an argument. In *State v. Abbott Laboratories*, the Supreme Court reviewed whether sufficient evidence had been presented to a jury to establish that damages had occurred. 2012 WI

62, ¶ 58 n.15, 341 Wis. 2d 510, 816 N.W.2d. In *Antrim Pharmaceuticals*, the Seventh Circuit was applying Illinois law to determine whether a motion *in limine* seeking to exclude damages testimony should have been denied rather than granted. *Antrim Pharms. LLC v. Bio-Pharm, Inc.*, 950 F.3d 423, 432 (7th Cir. 2020). The Court noted that "damages cannot be based on potential or future loss, unless it is reasonably certain to occur, nor can damages be based on speculation or conjecture." *Id*. (citations omitted).

However, these proceedings are not at trial, or even the pretrial stage, and SD Wheel is not required to set forth evidence of monetary damages to pursue a claim for breach of fiduciary duty. *See generally Lawlor*, 983 N.E.2d 414, ¶ 69; *Air Eng'g, Inc.*, 2013 WI App 18, ¶ 25. Rather, SD Wheel was required only to plead sufficient facts to state a claim. Likewise, at this stage, SD Wheel was not required to prove monetary damages with certainty. *See generally id*. SD Wheel acknowledges that it will be required to meet a higher bar to prove damages at trial; however, the case is not at trial, it is at a motion to dismiss stage.

## CONCLUSION

For the reasons expressed above, SD Wheel has sufficiently pled facts to state a claim for breach of fiduciary duty. Therefore, Logfret's Motion to Dismiss Count VI of Plaintiff's Complaint should be denied.

Dated: September 3, 2021.                    DAVIS & KUELTHAU, S.C.

                                             By: s/ Sherry D. Coley
                                             Sherry D. Coley
                                             State Bar No. 1038243
                                             Tiffany E. Woelfel
                                             State Bar No. 1093779

                                             Attorneys for Plaintiff,
                                             *SD Wheel Corp.*

P.O. Address:
318 S. Washington Street, Suite 300
Green Bay, WI 54301
920.435.9378

Direct Contact Information:

Sherry D. Coley        920.431.2239 direct dial
                       920.431.2279 direct fax
                       scoley@dkattorneys.com

Tiffany E. Woelfel     920.431.2232 direct dial
                       920.431.2272 direct fax
                       twoelfel@dkattorneys.com