IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SD WHEEL CORP,

    Plaintiff,

v.                                              Case No.: 1:21-cv-00778-WCG

LOGFRET, INC.,

    Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT VI
OF PLAINTIFF'S COMPLAINT**

Defendant, LOGFRET, INC. ("Logfret"), by its undersigned counsel, Foran Glennon Palandech Ponzi & Rudloff, PC, submits the following Reply in Support of Motion to Dismiss Count VI of Plaintiff's Complaint.

## LEGAL ARGUMENT

Damages are a necessary element of a claim for breach of fiduciary duty. "Where no damages are alleged, a cause of action must be dismissed… Therefore, to the extent Count 3 is based on the notification breach of fiduciary duty, it is dismissed without prejudice." *Mejia v. Verizon Mgmt. Pension Plan*, No. 11 C 3949, 2012 WL 1565336, at *10 (N.D. Ill. May 2, 2012).

Plaintiff, SD Wheel Corp. ("SD Wheel"), argues, without providing any supporting authority, that the allegedly missing import/export documents themselves constitute the requisite damage. Looking to the text of the Complaint itself, it is clear that no such allegation is contained therein. SD Wheel's only allegation regarding consequences for want of the documents is that if "SD Wheel is ultimately responsible for having this documentation and could face penalties and/or fines for not maintaining it." (Complaint, ¶ 176). SD Wheel is essentially attempting to amend the

Complaint through their brief. "Plaintiffs do not, for example, allege that the failure to notify prevented Plaintiffs from recovering their wrongfully withheld taxes due to statute of limitations issues. That allegation only comes in Plaintiff's response." *Mejia* at *10.

Even if this Court were to allow SD Wheel to amend the Complaint in such a manner and specifically allege that the missing documents are themselves an injury, such amendment would be futile. "Courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss... [A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 78 (N.D. Ill. 2016) (internal quotations and citations omitted).

In a very similar matter, *Anderson v. Benson*, 394 N.W.2d 171, 175 (Minn. Ct. App. 1986), the Court upheld dismissal of an action for failure to file corporate tax returns. The Plaintiff in that matter alleged that failure to file the tax returns "may cause the corporation to incur future tax liability" *Id.*, at 173. The Trial Court dismissed the action pursuant to Minn. R. Civ. P. 12 for failure to state a claim upon which relief could be granted. The Appellate Court upheld the ruling, stating, "Speculative, remote, or conjectural damages are not recoverable." *Id. citing Cardinal Consulting Co. v. Circo Resorts, Inc.,* 297 N.W.2d 260, 267 (Minn.1980)*; Leoni v. Bemis Co.,* 255 N.W.2d 824, 826 (Minn.1977).[1]

Illinois Courts have similarly held that a plaintiff's claim must not rely on speculative damages. *PSI Res., LLC v. Lyster*, 2019 IL App (1st) 180025-U, ¶ 61 (Finding impossibility to prove damages based on mere possibility of future events); *Brite Lights, Inc. v. Gooch*, 305 Ill.

---

[1] The Trial Court had deferred its ruling on Defendant's Motion to Dismiss and allowed the action, along with five other counts, to go to a full trial. At the end of that trial, the Court issued its ruling that the count, along with several others, failed to state a claim pursuant to Rule 12, and that Plaintiff had failed to support the claims by a preponderance of the evidence. The Appellate Court upheld the decision on both grounds.

2

App. 3d 322, 325–26, 713 N.E.2d 155, 158 (1999) (finding action for legal malpractice only accrued once damages were established rather than speculative).

In the exact same manner as a corporate tax return, SD Wheel can allege only that the lack of import/export document **could** subject it to **some** penalty, at an **indeterminable** time in the future. The allegation fails to establish the essential element of damages. "Damages are not recoverable for loss beyond an amount that the evidence permits to be established with certainty." Restatement (Second) Contracts § 352. *See also, Posner v. Davis* (1979), 76 Ill.App.3d 638, 32 Ill.Dec. 186, 395 N.E.2d 133; *De Koven Drug Co. v. First National Bank* (1975), 27 Ill.App.3d 798, 327 N.E.2d 378; *Ent. USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 793 (7th Cir. 2018).

To support its argument that not having the import/export documents is itself a harm, SD Wheel must (plausibly) allege that the documents have their own intrinsic value, separate from speculative amounts which may or may not ever be incurred. "The harm plaintiff points to, however, eludes calculation because it is speculative, not because, if it occurred, it could not be quantified." *E. St. Louis Laborers' Loc. 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 705–06 (7th Cir. 2005). SD Wheel cannot establish that it **will** be subject to a future penalty, only that it may be.

Accordingly, Logfret requests that this Court dismiss Count VI of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and grant any other relief which the Court deems just and proper.

Dated: September 10, 2021.

/s/ *Matthew R. Carlyon*
Michael L. Foran
Matthew R. Carlyon (Admitted *Pro Hac Vice*)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400

Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
mforan@fgppr.com
mcarlyon@fgppr.com

*Counsel for Defendant Logfret Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the attorney listed below (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 10th day of September 2021.

**Counsel for Plaintiff**:
Sherry D. Coley
Tiffany E. Woelfel
DAVIS & KULTHAU
318 South Washington Street, Suite 300
Green Bay, Wisconsin 54301
Tel: (920) 431-2239
Fax: (920) 431-2279
scoley@dkattorneys.com
twoelfel@dkattorneys.com

                        */s/ Matthew R. Carlyon*
                        Matthew R. Carlyon