IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SD WHEEL CORP,

    Plaintiff,

v.                                       Case No.: 1:21-cv-00778-WCG

LOGFRET, INC.,

    Defendant.

LOGFRET, INC.,

    Defendant/Third-Party Plaintiff,

v.

SCHMIDT, PRITCHARD & CO. INC.,

    Third-Party Defendant.

## DEFENDANT/THIRD-PARTY PLAINTIFF, LOGFRET, INC.'S AMENDED THIRD-PARTY COMPLAINT

NOW COMES Defendant and Third-Party Plaintiff, LOGFRET, INC. ("Logfret"), by its undersigned counsel, Foran Glennon Palandech Ponzi & Rudloff, PC and submits the following Third-Party Complaint against Third-Party Defendant, Schmidt, Pritchard & Co. Inc. ("Schmidt Pritchard") and alleges as follows:

### NATURE OF THE ACTION

1. The disputes between the parties take the form of breach of contract, breach of implied contract, negligence, and contribution actions which arise from Schmidt Pritchard's failure

to submit a number of duty refund requests which Schmidt Pritchard received, by email, from Plaintiff, S.D. Wheel Corp ("SD Wheel") through Logfret.

## THE PARTIES

2. Pursuant to its Complaint, SD Wheel is an Illinois corporation registered to transact business in Wisconsin with a principal place of business located at 1300 S. River St., Batavia, IL 60510 whose business involves selling automotive equipment.

3. Schmidt Pritchard is an Illinois corporation providing import and export business services. Schmidt Pritchard's primary address is 9801 Lawrence Ave #2 Schiller Park, IL 60176.

4. Logfret is a Delaware corporation with principal place of business is located at 301 Penhorn Avenue, Suite 1, Secaucus, NJ 07094 which offers services in the fields of international freight transport, cargo consolidation and de-consolidation, rail freight transport, project cargo, customs clearance, and warehousing and distribution.

## JURISDICTION AND VENUE

5. The Court has supplemental jurisdiction over this third-party complaint under 28 U.S.C.A. § 1367(a), because the third-party complaint arises out of the same case or controversy as the action by Plaintiff against Defendant/Third-Party Plaintiff, Logfret.

## FACTUAL ALLEGATIONS

6. On June 23, 2021 SD Wheel filed its Complaint (the "Complaint") against Logfret seeking, *inter alia* approximately $306,277.70 in damages for unprocessed duty refunds.

7. Since at least November 12, 2014, and at all relevant times hereto, pursuant to a Power of Attorney for Customs and Forwarding Agent agreement entered into by Logfret and SD Wheel, (the "Logfret PoA") Logfret is empowered to act "as a true and lawful agent" for SD

2

Wheel, primarily for the general purpose of transacting customs business for the benefit of SD Wheel. (Exhibit 1).

8. Since at least March 12, 2015, and at all times relevant hereto, pursuant to a Customs Power of Attorney agreement entered into by Schmidt Pritchard and SD Wheel, (the "Schmidt Pritchard PoA"), Schmidt Pritchard is empowered to act as a "true and lawful agent" for SD Wheel, primarily for the general purpose of transacting customs business for the benefit of SD Wheel. (Exhibit 2).

9. On November 19, 2019 SD Wheel representatives sent three emails, labeled "Duty Refund Email #1," "Duty Refund Email #2," and "Duty Refund Email #3" (collectively "Duty Refund Emails") to Logfret representatives.

10. In these emails, SD Wheel included numerous PDF documents and container numbers "for broker to start the refund process."

11. The "broker" referred to by SD Wheel in the Duty Refund Emails was Schmidt Pritchard.

12. Less than thirty minutes later, a representative of Logfret delivered all three emails to a representative of Schmidt Pritchard by forwarding Duty Refund Email #1 and attaching Duty Refund Email #2 and Duty Refund Email #3 thereto, writing, "there are three emails with refund requests for the SD wheels exempt china duty taxes Let us know approximate time frame and if you need further information."

13. Logfret then immediately informed SD Wheel that, "we have sent to broker will advise further details as soon as available."

14. Between the three emails, 42 container numbers were identified which corresponded to 31 entries.

15. As alleged in the Complaint, the 21 entries identified in Duty Refund Emails # 2 and #3 are the entries and refunds at issue in this dispute and are identified below:[1]

| Shipment Entry # | Import Date | Date Duty Paid to U.S. Customs | Liquidation Date | Protest Deadline Date | Duty Eligible for Exclusion | Duty Refund Email |
|---|---|---|---|---|---|---|
| 045-0448407-4 | 02/15/19 | 03/14/19 | 01/24/20 | 07/22/20 | $5,687.50 | 2 |
| 045-0449963-5 | 02/19/19 | 03/11/19 | 01/24/20 | 07/22/20 | $4,153.00 | 2 |
| 045-0448616-0 | 02/25/19 | 03/22/19 | 02/07/20 | 08/05/20 | $5,180.00 | 2 |
| 045-0450738-7 | 03/16/19 | 04/01/19 | 02/14/20 | 08/12/20 | $5,007.00 | 2 |
| 045-0451491-2 | 03/28/19 | 04/15/19 | 02/28/20 | 08/26/20 | $4,301.20 | 2 |
| 045-0452783-1 | 03/29/19 | 05/09/19 | 03/20/20 | 09/16/20 | $10,164.60 | 2 |
| 045-0453850-7 | 05/10/19 | 05/28/19 | 04/10/20 | 10/07/20 | $5,545.90 | 2 |
| 045-0455261-5 | 06/01/19 | 06/14/19 | 05/01/20 | 10/28/20 | $28,585.25 | 2 |
| 045-0455641-8 | 06/06/19 | 06/24/19 | 05/08/20 | 11/04/20 | $30,411.00 | 2 |
| 045-0456717-5 | 06/27/19 | 07/19/19 | 06/05/20 | 12/02/20 | $40,808.00 | 2 |
| 045-0456776-1 | 07/02/19 | 07/26/19 | 06/12/20 | 12/09/20 | $14,013.50 | 2 |
| 045-0457035-1 | 07/02/19 | 07/26/19 | 06/12/20 | 12/09/20 | $13,987.75 | 3 |
| 045-0458434-5 | 07/09/19 | 08/01/19 | 06/12/20 | 12/09/20 | $13,618.25 | 3 |
| 045-0458778-5 | 07/17/19 | 08/15/19 | 06/26/20 | 12/23/20 | $13,447.50 | 3 |
| 045-0458978-1 | 07/29/19 | 08/21/19 | 07/03/20 | 12/30/20 | $26,679.00 | 3 |
| 045-0460618-9 | 08/16/19 | 09/11/19 | 07/24/20 | 01/20/21 | $12,236.00 | 3 |
| 045-0462218-6 | 09/20/19 | 10/10/19 | 08/21/20 | 02/17/21 | $14,625.25 | 3 |

---

[1] Note that Logfret has not conducted an analysis of the amounts or protest deadlines at issue, and merely repeats, without adopting, the allegations made by SD Wheel.

| 045-0462639-3 | 09/27/19 | 10/10/19 | 08/21/20 | 02/17/21 | $14,001.75 | 3 |
| 045-0462852-2 | 10/01/19 | 10/25/19 | 09/11/20 | 03/10/21 | $12,502.00 | 3 |
| 045-0462784-7 | 10/08/19 | 10/18/19 | 09/04/20 | 03/03/21 | $16,291.00 | 3 |
| 045-0463354-8 | 10/23/19 | 11/05/19 | 09/18/20 | 03/17/21 | $15,032.25 | 3 |

16. Schmidt Pritchard successfully obtained duty refunds for the containers identified in Duty Email #1.

17. Schmidt Pritchard failed to process refunds for the containers identified in Duty Email #2 and Duty Email #3.

18. Pursuant to the Complaint, the amount at issue in Duty Refund Email #2 and Duty Email #3 was approximately $306,277.70.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19. Logfret incorporates and realleges paragraphs 1 through 18, as though fully set forth herein at paragraph 19.

20. The Schmidt Pritchard PoA executed by SD Wheel authorized Schmidt Pritchard to act as SD Wheel's agent.

21. Logfret, acting as SD Wheel's agent pursuant to the Logfret PoA, transmitted the Duty Refund Emails to Schmidt Pritchard.

22. Schmidt Pritchard, as SD Wheel's agent pursuant to the Schmidt Pritchard PoA, accepted the duty of processing the Duty Refund Requests.

23. By failing to process the requests in Duty Refund Emails #2 and #3, Schmidt Pritchard breached its agreement with SD Wheel.

24. As a result of that breach, Logfret suffered damages in the form of damage to its profitable business relationship with SD Wheel, and in the form of being named in SD Wheel's

Complaint and for any monetary damages resulting therefrom, which are related to the Duty Refund issue.

## SECOND CAUSE OF ACTION – BREACH OF IMPLIED CONTRACT

25. Logfret incorporates and realleges paragraphs 1 through 24, as though fully set forth herein at paragraph 25.

26. In the alternative, if no express contract exists, an implied contract existed between Schmidt Pritchard and Logfret regarding the Duty Refund Requests through Schmidt Pritchard's acceptance of the task of processing the Duty Refund Requests, for which Schmidt Pritchard received consideration.

27. By failing to process the requests in Duty Refund Emails #2 and #3, Schmidt Pritchard breached its implied contract with Logfret.

28. As a result of that breach, Logfret suffered damages in the form of damage to its profitable business relationship with SD Wheel, and in the form of being named in SD Wheel's Complaint and for any monetary damages resulting therefrom, which are related to the Duty Refund issue.

## THIRD CAUSE OF ACTION – CONTRIBUTION

29. Logfret incorporates and realleges paragraphs 1 through 28, as though fully set forth herein at paragraph 29.

30. By transmitting the Duty Refund Requests to Schmidt Pritchard, Logfret discharged its duty to SD Wheel.

31. Schmidt Pritchard, not Logfret bears some or all of the responsibility for Schmidt Pritchard's failure to process the Duty Refund Requests contained in Duty Refund Email #2 and Duty Refund Email #3.

32. To the extent Logfret is found liable for any damages suffered by SD Wheel for the failure to process the Duty Refund Requests, Schmidt Pritchard is liable to Logfret, in contribution, for those amounts.

## FOURTH CAUSE OF ACTION – NEGLIGENCE

33. Logfret incorporates and realleges paragraphs 1 through 32, as though fully set forth herein at paragraph 33.

34. In the alternative, Schmidt Pritchard owed Logfret a duty to act in accordance with the standard of care for professionals acting to obtain import duty refunds from the Federal Government.

35. Smith Pritchard breached that standard of care by failing to process the duty refunds requested by SD Wheel in Duty Email #2 and Duty Email #3.

36. As a result of that breach, Logfret suffered damages in the form of damage to its profitable business relationship with SD Wheel, and in the form of being named in SD Wheel's Complaint, and for any monetary damages resulting therefrom, which are related to the Duty Refund issue.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Third-Party Plaintiff, LOGFRET, INC., prays this Court enter an Order of judgment in its favor and against Third-Party Defendant Schmidt Pritchard & Co. Inc., granting the following relief:

A. Monetary damages from Schmidt Pritchard to Logfret equal to any amounts assessed against Logfret to SD Wheel on account of the Duty Refund issue described herein.

B.  That Schmidt Pritchard pay to Logfret any attorney fees and costs incurred by Logfret in defending against the Complaint or litigating this Third-Party Complaint.

C.  Any further relief as this Court deems just and proper.

Dated: March 14, 2022

/s/ *Matthew R. Carlyon*
Michael L. Foran
Matthew R. Carlyon
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
mforan@fgppr.com
mcarlyon@fgppr.com

*Counsel for Defendant/Third-Party Plaintiff, Logfret, Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the attorney listed below (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 14th day of March, 2022.

**Counsel for Plaintiff**
Sherry D. Coley
Tiffany E. Woelfel
DAVIS & KULTHAU
318 South Washington Street, Suite 300
Green Bay, Wisconsin 54301
(920) 431-2239
scoley@dkattorneys.com
twoelfel@dkattorneys.com

**Counsel for Third-Party Defendant, Schmidt, Pritchard & Co. Inc.**
Jennifer Gross (D.C. Bar No. 1003811)
BENJAMIN L. ENGLAND & ASSOCIATES, LLC
810 Landmark Drive, Suite 126
Glen Burnie, MD 21061
(410) 220-2800
jgross@englandlawgroup.com

Guy R. Temple, WI State Bar No. 1086836
REINHART BOERNER VAN DEUREN S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
gtemple@reinhartlaw.com
(414) 298-8303

Thomas J. O'Donnell
BENJAMIN L. ENGLAND & ASSOCIATES, LLC
FDAImports.com, LLC
810 Landmark Drive, Suite 126
Glen Burnie, MD 21061
(410) 220-2800
tjodonnell@englandlawgroup.com

      /s/ *Matthew R. Carlyon*
      Matthew R. Carlyon