UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| SD WHEEL CORP., <br>     Plaintiff, <br> v. <br> LOGFRET, INC. <br>     Defendant/Third-Party Plaintiff <br> v. <br> SCHMIDT, PRITCHARD & COMPANY, INC., <br>     Third-Party Defendant. | Case No. 1:21-cv-00778-WCG |

## MOTION AND MEMORANDUM IN SUPPORT OF MOTION
## TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404(a)

Third-Party Defendant Schmidt, Pritchard & Company, Inc. ("Schmidt Pritchard"), by counsel, respectfully bring this motion to transfer venue to the Federal District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a).

The United States Supreme Court has held that a motion for transfer of venue is the appropriate "mechanism for enforcement of forum-selection clauses that point to a particular federal district" and that "a proper application of §1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atlantic Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 59-60 (2013), *quoting Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) (Kennedy, J., concurring). Because there is a valid and enforceable forum-selection clause governing the dispute at issue, the clause must be given "controlling weight" and Logfret's claims must be heard in the prescribed venue. *See In re Ryze Claims Sols., LLC,* 968 F.3d 701, 708 (7th Cir. 2020) ("a court 'should not consider arguments

about the parties' private interests' because the parties, in contracting to a forum-selection clause, 'waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses.' [*Atlantic Marine*] at 64. Accordingly, the private-interest factors are deemed 'to weigh entirely in favor of the preselected forum,' and a court 'may consider arguments about public-interest factors only.'"); *Turner v. Costa Crociere S.P.A.*, 9 F.4th 1341, 1345-46 (11th Cir. 2021) ("Even when 'the forum selection clause establishes a remote forum,' a plaintiff seeking to establish that a forum selection clause is unenforceable due to inconvenience or unfairness 'bear[s] a heavy burden of proof.'" *quoting Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991). "'[T]he plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.'" *Turner* at 1348, *quoting Atl. Marine*, 571 U.S. at 63.

The transactions at issue are subject to Schmidt Pritchard's Terms and Conditions, which were accepted by SD Wheel Corporation ("SD Wheel") in 2015 and again in 2018, when SD Wheel issued Powers of Attorney to Schmidt Pritchard, *attached hereto as* Exhibit 1. Schmidt Pritchard's Terms and Conditions apply to all of Schmidt Pritchard's transactions, including but not limited to transactions covered by the Powers of Attorney issued by SD Wheel.

Those Terms and Conditions include the following:

> **21. Governing Law; Consent to Jurisdiction and Venue**. These terms and conditions of service and relationship of the parties shall be construed according to the laws of the State of Georgia without giving consideration to principals of conflict of law.
>
> Customer and Company[:]
>
> a) Irrevocably consent to the jurisdiction of the United States District Court and State courts of Georgia;

b) **agree that any action relating to the services performed by Company, shall only be brought in said courts**;

c) consent to the exercise of in personam jurisdiction by said courts over it; . . . .

(Exh. 1 at 4, ¶ 21, *emphasis added*.)  Subsection (b) clearly covers Logfret's Third-Party Complaint, requiring Logfret to bring the action in Georgia federal or state courts.

For all of the reasons detailed above, and pursuant to *Atlantic Marine*, Logfret's complaint against Schmidt Pritchard should be transferred to the Federal District Court for the Northern District of Georgia.

Dated:  March 28, 2022

Respectfully submitted,

/s/ Guy R. Temple
Guy R. Temple
**REINHART BOERNER VAN DEUREN S.C.**
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Tel: 414-298-8121
Fax: 414-298-8097

*Local Counsel for Schmidt Pritchard*

Tom O'Donnell (IL No. 2091887)
(Submission of application to E.D. Wis. pending)
**Benjamin L. England & Associates, LLC** |
810 Landmark Drive, Suite 126
Glen Burnie, MD 21061
Tel: (410) 220-2800
Fax: (443) 583-1464

*Counsel for Schmidt Pritchard*

- 3 -

Case 1:21-cv-00778-WCG   Filed 03/28/22   Page 3 of 3   Document 33