IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SD WHEEL CORP,
    Plaintiff,

v.                               Case No.: 1:21-cv-00778-WCG

LOGFRET, INC.,

    Defendant.

LOGFRET, INC.,
    Defendant/Third-Party Plaintiff,

v.

SCHMIDT, PRITCHARD & CO. INC.,

    Third-Party Defendant.

**DEFENDANT/THIRD-PARTY PLAINTIFF, LOGFRET, INC.'S
RESPONSE TO MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404(a)**

NOW COMES Defendant and Third-Party Plaintiff, LOGFRET, INC. ("Logfret"), by its undersigned counsel, Foran Glennon Palandech Ponzi & Rudloff, PC and submits the following Response (the "Response") to the Motion to transfer venue to the Federal District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a) (the "Motion") filed by Third-Party Defendant, Schmidt, Pritchard & Co. Inc. ("Schmidt Pritchard").

## ARGUMENT

Schmidt Pritchard asks this Court to transfer Logfret's [Amended Third-Party] Complaint to the Federal District Court for the Northern District of Georgia, but that request is improper because § 1404(a) authorizes transfer only of the entire action, not of individual claims within the

action. *Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*, 275 F. Supp. 3d 957, 961 (W.D. Wis. 2017). As such, proper procedure requires that Schmidt Pritchard bring a motion to sever and then transfer Logfret's Third-Party action against it.

However, even if Schmidt Pritchard had made such a request, the reasons for denial are readily apparent. If this Court were to sever Logfret's action against Schmidt Pritchard and transfer it to Georgia, there would then be two simultaneous actions, in two separate districts, where the exact same set of facts were being adjudicated. Such duplication of litigation runs counter to the very purpose of § 1404(a). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 80 S. Ct. 1470, 1474, 4 L. Ed. 2d 1540 (1960); "We have made quite clear that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S. Ct. 1274, 1284, 108 L. Ed. 2d 443 (1990) (quoting *Cont'l Grain*).

Schmidt Pritchard's Motion relies primarily on *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013), but that case is inapposite to this matter because *Atlantic Marine* did not involve a third-party claim or parties, such as Logfret, who are not signatories to the forum selection clause being asserted. "The court does not read *Atlantic Marine* to mandate severance and transfer of a party bearing a forum selection clause in all multiparty cases, regardless of countervailing considerations of judicial economy." *Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.,* 275 F. Supp. 3d 957, 964 (W.D. Wis. 2017) (internal quotation marks omitted).

Transfer is also improper because § 1404(a) authorizes a case to be transferred only to another district "where it might have been brought" and SD Wheel, the primary plaintiff in this action, could not have brought their action against Logfret in Georgia. First, SD Wheel agreed to Logfret's Terms and Conditions which include a non-Georgia forum selection clause. Second, SD Wheel would not have been able to establish jurisdiction over Logfret in Georgia. As such, transfer is not appropriate "The Court reasoned that "where it might have been brought" means that the plaintiff has to have had the right to bring its case in the transferee district, which would require proper venue and personal jurisdiction over the defendants in the transferee district." *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1172 (W.D. Wis. 2007). (*citing*, *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Finally, severing and then transferring Logfret's action to Georgia would be counter to the interest of justice because it would serve to extinguish Logfret's contingent contribution claim, which must be included in the underlying litigation. *Johnson v. Heintz*, 73 Wis. 2d 286, 295, 243 N.W.2d 815, 822–23 (1976).

Wherefore, Logfret requests that this Court enter an Order denying Schmidt Pritchard's Motion and for any other relief which this Court deems just and proper.

Dated: April 18, 2022    /s/ *Matthew R. Carlyon*
Michael L. Foran
Matthew R. Carlyon
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
mforan@fgppr.com
mcarlyon@fgppr.com

*Counsel for Defendant/Third-Party Plaintiff, Logfret, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the attorney listed below (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 18th day of April, 2022.

| **Counsel for Plaintiff**: | **Counsel for Third-Party Defendant** |
|---|---|
| Sherry D. Coley | Guy R. Temple |
| Tiffany E. Woelfel | Reinhart Boerner Van Deuren S.C. |
| Davis & Kulthau | 1000 North Water Street, Suite 1700 |
| 318 South Washington Street, Suite 300 | Milwaukee, WI 53202 |
| Green Bay, Wisconsin 54301 | Tel: 414-298-8121 |
| Tel: (920) 431-2239 | Fax: 414-298-8097 |
| Fax: (920) 431-2279 | GTemple@reinhartlaw.com |
| scoley@dkattorneys.com | |
| twoelfel@dkattorneys.com | Tom O'Donnell |
| | Benjamin L. England & Associates, LLC \| |
| | 810 Landmark Drive, Suite 126 |
| | Glen Burnie, MD 21061 |
| | Tel: (410) 220-2800 |
| | Fax: (443) 583-1464 |
| | tjodonnell@englandlawgroup.com |

/s/ *Matthew R. Carlyon*
Matthew R. Carlyon