IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SD WHEEL CORP,
    Plaintiff,

v.                      Case No.: 1:21-cv-00778-WCG

LOGFRET, INC.,

    Defendant.

---

LOGFRET, INC.,
    Defendant/Third-Party Plaintiff,

v.

SCHMIDT, PRITCHARD & CO. INC.,

    Third-Party Defendant.

## DEFENDANT/THIRD-PARTY PLAINTIFF, LOGFRET, INC.'S
## RESPONSE TO MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT

NOW COMES Defendant and Third-Party Plaintiff, LOGFRET, INC. ("Logfret"), by its undersigned counsel, Foran Glennon Palandech Ponzi & Rudloff, PC and submits the following Response (the "Response") to the Motion to Dismiss (the "Motion") filed by Third-Party Defendant, Schmidt, Pritchard & Co. Inc. ("Schmidt Pritchard").

### I.    INTRODUCTION

Schmidt Pritchard seeks to avoid the consequences of its own failures by creating a legal quagmire from a simple set of well-pled facts. Logfret, acting as agent of S.D. Wheel Corp. ("SD Wheel"), requested that Schmidt Pritchard process refunds of duty taxes for 42 containers. Schmidt

Pritchard accepted that request and billed Logfret for its services. Schmidt Pritchard then failed to process twenty-one of those refunds. As a result, Logfret and SD Wheel were both damaged. Nothing contained in Schmidt Pritchard's Motion changes these simple facts, which clearly meet the pleading standards of Fed. R. Civ. P. 8.

Nor can Schmidt Pritchard successfully shelter under its limitation of liability clause. First, under Fed. R. Civ. P. 12(b)(6), the matter is outside the pleadings, and should not be considered by the Court. To the extent the Court determines that the Motion should be converted to one for summary judgment pursuant to Fed. R. Civ. P. 56, Schmidt Pritchard has failed to show that the terms and conditions apply to the transaction at issue, and so a genuine issue of material fact exists. Even if Schmidt Pritchard terms and conditions apply, they expressly fail to limit Schmidt Pritchard's liability for its own negligent acts. Accordingly, the Court should deny the Motion and issue an Order requiring Schmidt Pritchard to Answer the Amended Third-Party Complaint.

## II. STATEMENT OF FACTS

1. Both Schmidt Pritchard and Logfret are empowered to act as agents of SD Wheel pursuant to Power of Attorney for Customs Forwarding Agent agreements signed by each of them. (Logfret's Amended Third Party Complaint, Doc. No. 32, ¶¶ 7, 8; *Id.* at Exhibit 1 and 2).

2. On November 19, 2019, Logfret sent Schmidt Pritchard a request to process 42 refunds of duty taxes which SD wheel had paid on the importation of certain good from China. (Id. ¶¶ 9-15).

3. While Schmidt Pritchard processed twenty-one of those requests, it failed to process the remaining twenty-one, which SD Wheel values at $306,277.70. (Id. ¶¶16-18).

4. Schmidt Pritchard's failure to process the refunds injured Logfret in the form of its profitable business relationship with SD Wheel and in the form of being named in a complaint for damages filed by SD Wheel against Logfret. (*Id.* ¶¶ 24, 28, 36).

### III. <u>LEGAL STANDARD</u>

A motion under Fed. R. P. 12(b)(6) presents an argument that the plaintiff failed "to state a claim upon which relief can be granted." It requires that the defendant show plaintiff has failed to present "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (internal citations and quotation marks omitted).

In assessing the complaint's allegations, the Court must accept them as true unless they are comprised of "threadbare recitals of a cause of actions elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). The Court's review is limited to matters within the pleadings unless it converts the matter to a Fed. R. Civ. P. 56 motion for summary judgment. *Fed R. Civ. P. 12(d)*.

Logfret's Complaint contains clear statements of fact which support the causes of action contained therein. These statements provide ample information to put Schmidt Pritchard on notice of the claims against it and the grounds for those claims.

### IV. <u>LEGAL ARGUMENT</u>

Logfret's Complaint contains four causes of action against Schmidt Pritchard. These causes of action are pled in the alternative pursuant to Fed. R. Civ. P. 8(e) which expressly authorizes alternative statements, even if they are inconsistent with each other. Those causes of action are (1) Beach of Contract; (2) Beach of Implied Contract; (3) Contribution; and (4) Negligence.

While each of these causes presents a separate legal theory of liability, they all rely on the same simple set of facts, that Logfret requested services from Schmidt Pritchard related to the duty refunds paid by SD Wheel on certain Chinese goods, that Schmidt Pritchard accepted that request, that Schmidt Pritchard failed to properly complete that request, and that Logfret was damaged as a result. These facts alone are sufficient to overcome Schmidt Pritchard's 12(b)(6) Motion as plaintiffs are required to plead facts, not legal theories. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010).

Here, the facts alleged in Logfret's Amended Third-Party Complaint support each cause of action by providing Schmidt Pritchard with requisite notice of the claims against it and the grounds upon which those claims rest. Schmidt Pritchard's bare attack on the legal theories underlying the Amended Third-Party Complaint is insufficient because legal theories may be altered as the case progresses so long as the underlying facts which support those theories are contained within the Complaint. *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852 (7th Cir. 2017).

### A. Logfret's Breach of Action Claim is Supported by Statute, Legal Precedent and Principals of Equity.

In arguing that no agreement exists, Schmidt Pritchard is attacking Logfret's standing pursuant to Fed. R. Civ. P. 17(a)(1) which requires actions to be "prosecuted in the name of the real party in interest." However, Rule 17(1)(a)(G) allows for litigation to be brought by "a party authorized by statute." Here, Logfret is acting as Logfret's agent pursuant to the Logfret PoA and has the requisite authority and legal interest to prosecute this action to recover from Schmidt Pritchard. Note that while each party has argued for the application of a different state's substantive laws, each of Illinois, Wisconsin, and Georgia authorizes agents to litigate their principal's claims. *See* O.C.G.A. 10-6-5; Wis. Stat § 244.52; 735 ILCS 45/3-4(j).

4

Case 1:21-cv-00778-WCG   Filed 04/18/22   Page 4 of 10   Document 36

Further, principles of equity support Logfret's action against Schmidt Pritchard. It is clear from the facts that Schmidt Pritchard is the cause of damages both to Logfret and to SD Wheel. In a scenario with similar legal complexities, the 7th Circuit Court of Appeals in *Am. Nat. Bank & Tr. Co. of Chicago v. Weyerhaeuser Co.*, 692 F.2d 455, 466 (7th Cir. 1982) determined that equity required allowing the agent to maintain its action concerning damage to the agent and its principle stating,

> It would serve no purpose to deny standing to American in this case. First, a loss was suffered by the Board because the tender of its stock was rejected. But the Board is not responsible for that loss. Rather, it appears that the loss was caused by one or more of several other parties—American, First Jersey, or Weyerhaeuser— each or all of whom could be sued by the Board for the loss. Under the facts of this case, it makes sense that the innocent party be made whole now for its losses by the one of the potential wrongdoers who was its agent; subsequently this reimbursing party should be authorized to institute suit to determine who, among the three potential wrongdoers, should in equity be required ultimately to bear the loss.

Ultimately, Logfret, Schmidt Pritchard, and SD Wheel, each pursuant to its contractual duties, formed a network of cooperative business interests to perform the task of importing goods from China. That relationship was strong enough that Schmidt Pritchard was able to accept a request for services based on Logfret's November 19, 2019 email stating, "there are three emails with refund requests for the SD Wheels exempt [C]hina duty taxes. Let us know approximate time frame and if you need further information." This email itself is enough, given the parties' years of working together, to form a contract. Schmidt Pritchard's Motion expressly recognizes the strength of this interconnected relationship:

> In addition to receiving messages from SD Wheel that SD Wheel funneled through Logfret, Schmidt Pritchard billed its service charges to SD Wheel through Logfret. This was done for SD Wheel's convenience so it would get one unified bill for each shipment instead of receiving separate bills from Logfret for forwarding services and from Schmidt Pritchard for Customs entry services. Thus, Schmidt Pritchard billed SD Wheel through Logfret over two hundred times during the seven years it worked for SD Wheel." (Motion, Page 7).

5

Schmidt Pritchard breached its contractual duties, and the result is not simply, as alleged by SD Wheel, the loss of $306,277.70, but also damage to the parties' profitable business relationships. To allow Schmidt Pritchard, the responsible party, to escape litigation at this stage in the proceedings would not serve the interests of justice. Accordingly, Logfret requests that the Court deny the Motion.

### B. Logfret and Schmidt Pritchard Entered into an Implied Agreement, Which Schmidt Pritchard Breached.

In the alternative to an express contract, Logfret alleges that an implied contract existed between itself and Schmidt Pritchard. An implied contract is one which, "arises from mutual agreement and intent to promise, when the agreement and promise have simply not been expressed in words." *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 481 (7th Cir. 2009), as amended (Mar. 18, 2009) (internal quotation marks and citation omitted).[1]

Here, the course of conduct between the parties is clear. Logfret requested, in its usual course of business, that Schmidt Pritchard process duty refunds for 42 entries. Schmidt Pritchard was compensated for its performance. Schmidt Pritchard accepted that request but failed to process 21 of those entries. As a result, Logfret and SD Wheel were harmed. While the Motion argues that Logfret served as no more than a messenger, passing mere information from SD Wheel to Schmidt Pritchard, the Complaint establishes that Logfret made a request, which Schmidt Pritchard accepted then failed to fully perform. That request forms a valid basis for Logfret's cause of action. Thus, Logfret asks that this Court deny the Motion.

---

[1] There is no appreciable difference between Wisconsin, Illinois, and Georgia law in this matter. *See Doe v. Emory Univ.,* 1:20-CV-2002-TWT, 2021 WL 358391, at *2 (N.D. Ga. Jan. 22, 2021); *Marcatante v. City of Chicago,* Ill., 657 F.3d 433, 440 (7th Cir. 2011)

6

### C. Schmidt Pritchard Negligently Failed to Perform in a Reasonable Manner.

Schmidt Pritchard wrongly conflates duty with obligation, arguing that, since its ultimate obligation was to SD Wheel, no duty could be owed to any party other than SD Wheel. However, a duty of care requires only that the "the actor should reasonably have foreseen the particular injury which did result from such act so long as he should have foreseen that harm was likely to be caused to someone by reason of his act." *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 28, 291 Wis. 2d 283, 305, 717 N.W.2d 17, 28. In other words, one always has a duty to "exercise ordinary care under the circumstances." *Id.*

Here, the foreseeability of the harm is clear. SD Wheel lost out on what it alleges to be over $300,000 of duty refunds. Seeking to recover those funds, it naturally looks to Logfret for compensation as the party it communicated with in the transaction. The business relationship is thus degraded, and both SD Wheel and Logfret are damaged.

Nor do Schmidt Pritchard's Terms and Conditions warrant dismissal of the Amended Third-Party Complaint. First, those terms and conditions, which Schmidt Pritchard argues are attached to each invoice between Logfret and Schmidt Pritchard, are not part of the Complaint. As such, they are outside the matters to be considered in deciding a Fed. R. Civ. P. 12(b)(6) motion. Even if they were not, there is nothing in the Amended Third-Party Complaint which shows that this particular transaction or series of transactions was subject to Schmidt Pritchard's terms and conditions. Indeed, each invoice which was sent to Schmidt Pritchard was made under Logfret's terms and conditions, under Logfret's letterhead, and subject to "all the Terms & Conditions set forth on our website www.logfret.com."

However, even if this Court does consider the Schmidt Pritchard Terms and Conditions, a simple reading of the document shows that Schmidt Pritchard expressly accepted liability for its own acts of negligence:

> Subject to (c)[2] below, Customer agrees that in connection with any and all services performed by the Company, **the Company shall only be liable for its negligent acts**; which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties. (Motion, Exhibit 2, ¶ 9(b) emphasis added).

Schmidt Pritchard carefully omits ¶ 9(b) from the Motion, but it is clear from the plain language of the contract that Schmidt Pritchard did not contract away liability for its own negligent acts. As such, the Motion should be denied.

**D. Contribution is Properly Brought as Related to the Underlying Dispute.**

Schmidt Pritchard argues that the contribution claim must fail, citing *Kafka v. Pope,* 194 Wis. 2d 234, 242-43, 533 N.W.2d 491, 494 (1995) for the prospect that a claim for contribution requires that the plaintiff has first paid more than his fair equitable share of the common liability. However, it is well-settled that, in the interest of judicial efficiency, a party may bring a contribution claim, even when contingent, so long as the claim is based upon the same set of facts as the underlying issue. "To facilitate efficiency and eliminate the necessity of additional subsequent litigation, this court has approved the practice of allowing the contribution action to be considered in the same proceeding involving the underlying damage claim despite the contingent nature of this cross action." *Johnson v. Heintz*, 73 Wis. 2d 286, 295, 243 N.W.2d 815, 822–23 (1976) (collecting cases).

---

[2] Section (c) allows Customer to purchase additional liability coverage.

The matters alleged in the Amended Third-Party Complaint are based upon the same set of facts as those alleged by SD Wheel's complaint against Logfret. Schmidt Pritchard makes no argument to the contrary. Accordingly, the Motion should be denied.

## V. CONCLUSION

Logfret's Amended Third Party Complaint alleges facts sufficient to show it is entitled to relief and to put Schmidt Pritchard on notice of the grounds of the claims against it. As such, it meets the pleading standard of Fed R. Civ. P. 8 to provide a short and plain statement of the claim and the relief sought. No issue raised by Schmidt Pritchard in its Motion pursuant to Fed. R. Civ. P. 12(b)(6) shows otherwise, and, to the extent the Court considers the matters outside of the pleadings, genuine issues of material fact exist regarding whether the transaction falls within Schmidt Pritchard's Terms and Conditions.

Wherefore, Logfret respectfully requests that this Court enter an Order denying Schmidt Pritchard's 12(b)(6) Motion, requiring Schmidt Pritchard to submit an answer to the Amended Third-Party Complaint, and for any other relief this Court deems just and proper.

Dated: April 18, 2022

/s/ *Matthew R. Carlyon*
Michael L. Foran
Matthew R. Carlyon
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
mforan@fgppr.com
mcarlyon@fgppr.com

*Counsel for Defendant/Third-Party Plaintiff, Logfret, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the attorney listed below (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 18th day of April, 2022.

| **Counsel for Plaintiff**: | **Counsel for Third-Party Defendant** |
|---|---|
| Sherry D. Coley | Guy R. Temple |
| Tiffany E. Woelfel | Reinhart Boerner Van Deuren S.C. |
| Davis & Kulthau | 1000 North Water Street, Suite 1700 |
| 318 South Washington Street, Suite 300 | Milwaukee, WI 53202 |
| Green Bay, Wisconsin 54301 | Tel: 414-298-8121 |
| Tel: (920) 431-2239 | Fax: 414-298-8097 |
| Fax: (920) 431-2279 | GTemple@reinhartlaw.com |
| scoley@dkattorneys.com | |
| twoelfel@dkattorneys.com | Tom O'Donnell |
| | Benjamin L. England & Associates, LLC \| |
| | 810 Landmark Drive, Suite 126 |
| | Glen Burnie, MD 21061 |
| | Tel: (410) 220-2800 |
| | Fax: (443) 583-1464 |
| | tjodonnell@englandlawgroup.com |

/s/ *Matthew R. Carlyon*
Matthew R. Carlyon