UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SD WHEEL CORP.,

    Plaintiff,

    v.                                          Case No. 21-C-778

LOGFRET INC.,

    Defendant and Third-Party Plaintiff,

    v.

SCHMIDT, PRITCHARD & CO. INC.,

    Third-Party Defendant.

---

### DECISION AND ORDER DENYING MOTION TO CHANGE VENUE AND MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT

---

    Plaintiff SD Wheel Corp. brought this action against Defendant Logfret Inc., asserting claims of breaches of fiduciary duties, breaches of implied contracts, negligent misrepresentations, and negligence. On October 26, 2021, Logfret filed a third-party complaint against Third-Party Defendant Schmidt, Pritchard & Co. Inc. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. This matter is before the Court on Schmidt Pritchard's motion to change venue and motion to dismiss the amended third-party complaint. For the following reasons, the motions will be denied.

### BACKGROUND

    SD Wheel is an Illinois corporation that sells automotive equipment such as wheels, tires, and lift kits. Compl. ¶¶ 2–3, Dkt. No. 1. SD Wheel imports some of the automotive equipment it sells from China. *Id.* ¶ 3. Logfret is a Delaware corporation that offers services in the fields of

international freight transport, cargo consolidation and de-consolidation, rail freight transport, project cargo, customs clearance, and warehousing and distribution. Am. 3d Party Compl. ¶ 4, Dkt. No. 32. Schmidt Pritchard is an Illinois corporation that provides import and export business services. *Id.* ¶ 3. On November 12, 2014, SD Wheel executed a Power of Attorney for Customs and Forwarding Agent (POA) with Logfret. Compl. ¶ 19. Under the POA, Logfret acted as SD Wheel's authorized agent to transport and import freight from manufacturers in China. *Id.* ¶¶ 18–19. As part of its duties, Logfret pursued refunds for which SD Wheel was eligible. *Id.* ¶ 21.

In July 2018, the United States imposed tariffs on Chinese imports under the Trade Act of 1974 (Section 301 Tariffs). *Id.* ¶ 26. In 2019, the Office of the United States Trade Representative issued a series of lists of goods that would be excluded from the tariffs and were retroactive for tariffs paid as early as July 2018. *Id.* ¶ 28. If a company paid a Section 301 Tariff on an item that was later included on one of the exclusionary lists, the company could seek a duty refund for the tariff paid. *Id.* ¶ 29. A company could only seek a duty refund prior to liquidation or within 180 days after the entry had been liquidated. *Id.* ¶ 31.

Throughout late 2018 and early 2019, SD Wheel imported parts that were subject to the Section 301 Tariffs and paid tariffs to U.S. Customs for those parts. *Id.* ¶ 27. On November 19, 2019, SD Wheel representatives sent three emails, labeled "Duty Refund Email #1," "Duty Refund Email #2," and "Duty Refund Email #3," to Logfret representatives that identified import entries by container number and provided all necessary documentation to begin the refund process for the tariffs it paid. *Id.* ¶¶ 31–32. In all, the emails identified 42 container numbers that corresponded to 31 entries that were eligible for duty refunds. *Id.* ¶ 33.

A Logfret representative delivered all three emails to a representative of Schmidt Pritchard, the broker, by forwarding Duty Refund Email #1 and attaching Duty Refund Email #2 and Duty

2

Refund Email #3 to the email and writing "there are three emails with refund requests for the SD wheels [sic] exempt [C]hina duty taxes[.] Let us know approximate time frame and if you need further information." Am. 3d Party Compl. ¶¶ 11–12. Logfret informed SD Wheel that "we have sent to broker will advise further details as soon as available." *Id.* ¶ 13.

SD Wheel received no communications from Logfret for several months regarding the status of the refunds and contacted Logfret numerous times about the status. Compl. ¶¶ 46–48. Logfret confirmed that the refunds were submitted and that it would take months to receive the refunds due to COVID-19. *Id.* ¶ 47. SD Wheel continued to request statuses for the refunds, but Logfret did not respond to the requests. *Id.* ¶¶ 48–58. SD Wheel ultimately learned that Schmidt Pritchard successfully obtained duty refunds for the containers identified in Duty Email #1. *Id.* ¶¶ 63–66; Am. 3d Party Compl. ¶ 16. Logfret alleges that Schmidt Pritchard failed to process refunds for the containers identified in Duty Refund Emails #2 and #3. Am. 3d Party Compl. ¶ 17. By the time the error was discovered, the entries identified in Duty Refund Emails #2 and #3 were outside of the protestable period, so SD Wheel could not seek refunds for those entries. Compl. ¶ 67. As a result, SD Wheel lost $306,277.70 in refunds for which it was eligible. *Id.*

## ANALYSIS

### A. Motion to Change Venue

Schmidt Pritchard asserts that Logfret's amended third-party complaint against it should be transferred to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). Its motion is premised on a forum selection clause contained in the Customs Power of Attorney and Acknowledgement of Terms and Conditions of Service agreement Schmidt Pritchard asserts SD Wheel entered into with it in 2018. Dkt. No. 33-1. While the parties dispute the applicability of the agreement to this action, there is no dispute that Logfret was not a party to

the agreement.  Because Logfret is not a party to the agreement, it is not bound by the forum selection clause contained therein, and it properly filed its third-party complaint against Schmidt Pritchard in this district.  Therefore, Schmidt Pritchard's motion to change venue is denied.

**B. Motion to Dismiss**

Schmidt Pritchard also moves to dismiss the amended third-party complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A motion to dismiss "tests the sufficiency of the complaint" to state a claim upon which relief can be granted.  *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012); *see also* Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party.  *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020).  Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a plaintiff is not required to plead detailed factual allegations, it must plead "more than labels and conclusions."  *Id.*  A simple, "formulaic recitation of the elements of a cause of action will not do."  *Id.*  Instead, a claim must be plausible to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663.

**1. Breach of Contract Claims**

Logfret asserts breach of an express contract and breach of an implied contract claims against Schmidt Pritchard.  To state a claim for breach of contract, a plaintiff must allege the

4

existence of a valid contract, the defendant's breach of the contract, and damages. *See Matthews v. Wis. Energy Corp.*, 534 F.3d 547, 553 (7th Cir. 2008) (citing *Nw. Motor Car, Inc. v. Pope*, 51 Wis. 2d 292, 296, 187 N.W.2d 200 (1971)). Logfret alleges that, in March 2015, SD Wheel and Schmidt Pritchard entered into a Customs Power of Attorney agreement (Schmidt Pritchard POA) and that, under the agreement, Schmidt Pritchard is empowered to act as a "true and lawful agent" for SD Wheel for the general purpose of transacting customs business for the benefit of SD Wheel. Am. 3d Party Compl. ¶ 8. Logfret claims that when it transmitted the Duty Refund Emails to Schmidt Pritchard, Logfret acted as SD Wheel's agent pursuant to the Logfret POA, and that Schmidt Pritchard acted as SD Wheel's agent pursuant to the Schmidt Pritchard POA and accepted the duty to process the refund requests. *Id.* ¶¶ 21–22. It alleges that, by failing to process the requests in Duty Refund Emails #2 and #3, Schmidt Pritchard breached its agreement with SD Wheel. *Id.* ¶ 23. Logfret claims that it suffered damages as a result of the breach. *Id.* ¶ 24. While Logfret cannot maintain a breach of contract claim as SD Wheel's agent against Schmidt Pritchard, the amended third-party complaint contains sufficient allegations to support Logfret's own breach of contract claim.

"The elements of a contract, taught like the ABCs to first-year law students, are offer, acceptance, and consideration." *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996). Logfret alleges that Schmidt Pritchard accepted Logfret's request to process the duty refund requests in exchange for compensation for its performance. *Id.* ¶ 26. Logfret asserts that Schmidt Pritchard breached the contract with Logfret by failing to process the requests in Duty Refund Emails #2 and #3 and that Logfret suffered damages as a result. *Id.* ¶¶ 27–28. Taking Logfret's allegations as true, which the Court is required to do at the pleading stage, Logfret has alleged the

existence of a contract, a breach of that contract, and damages resulting from the breach. Therefore, Logfret has stated a breach of contract claim against Schmidt Pritchard.

**2. Negligence Claim**

Logfret asserts that Schmidt Pritchard negligently failed to perform in a reasonable manner. To state a claim for negligence, a plaintiff must allege "(1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the injury." *Gritzner v. Michael R.*, 2000 WI 68, ¶ 19, 235 Wis. 2d 781, 611 N.W.2d 906. Schmidt Pritchard asserts that Logfret's claim must be dismissed because Schmidt Pritchard only owed a duty to SD Wheel, not to Logfret. Under Wisconsin law, however, everyone "has a duty to use ordinary care in all of his or her activities, and a person is negligent when that person fails to exercise ordinary care." *Alvarado v. Sersch*, 2003 WI 55, ¶ 14, 262 Wis. 2d 74, 662 N.W.2d 350 (citing *Gritzner v. Michael R.*, 2000 WI 68, ¶¶ 20 & 22, 235 Wis. 2d 781, 611 N.W.2d 906). "In Wisconsin a duty to use ordinary care is established whenever it is foreseeable that a person's act or failure to act might cause harm to some other person." *Id.* Logfret alleges that Schmidt Pritchard owed Logfret a duty to act in accordance with the standard of care for professionals acting to obtain import duty refunds, that Schmidt Pritchard breached the standard of care by failing to process the duty refunds requested in Duty Refund Emails #2 and #3, and that Logfret suffered damages as a result of the breach. Am. 3d Party Compl. ¶¶ 34–36. The Court concludes that Logfret has stated a negligence claim against Schmidt Pritchard.

Schmidt Pritchard argues in the alternative that, even if it owed a duty to Logfret, the negligence claim should be dismissed because the transactions between Logfret and Schmidt Pritchard are governed by Schmidt Pritchard's Terms and Conditions of Service. The parties

6

dispute whether the Terms and Conditions apply in this case. These disputes are better addressed on summary judgment after the parties have had the benefit of engaging in discovery and the Court has the benefit of a more complete record. In any event, even if Schmidt Pritchard's Terms and Conditions apply here, it would merely limit liability, not bar the claim. In short, Logfret's negligence claim will not be dismissed.

### 3. Contribution Claim

Logfret also asserts that, to the extent it is found liable for any damages suffered by SD Wheel for the failure to process the duty refund requests, Schmidt Pritchard is liable to Logfret, in contribution, for those amounts. Am. 3d Party Compl. ¶ 32. Schmidt Pritchard argues that the claim for contribution must be dismissed because no judgment has been issued or paid by Logfret. "To facilitate efficiency and eliminate the necessity of additional subsequent litigation," Wisconsin courts allow contribution actions "to be considered in the same proceeding involving the underlying damage claim." *Johnson v. Heintz*, 73 Wis. 2d 286, 295, 243 N.W.2d 815, 822–23 (1976) (collecting cases). Logfret has properly asserted a contribution claim in this action.

### CONCLUSION

For these reasons, Schmidt Pritchard & Co. Inc.'s motion to change venue (Dkt. No. 33) and motion to dismiss the amended third-party complaint (Dkt. No. 34) are **DENIED**. The Court lifts the stay of all deadlines. If the parties believe that additional time is necessary, they may move to extend the deadlines.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge